# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GLENN M. DAVIS,

        Plaintiff,

v.

STATE OF WISCONSIN,

        Defendant.

Case No. 26-CV-242-JPS

**ORDER**

## 1. INTRODUCTION

In February 2026, Plaintiff Glenn M. Davis ("Davis"), proceeding pro se, filed this action against Defendant State of Wisconsin ("Defendant"). ECF No. 1. Davis has also filed two motions for leave to proceed without prepaying the filing fee. ECF Nos. 2 and 6. Davis' lawsuit stems from allegations that the state prosecutor lied during Davis' state criminal case. ECF No. 1 at 2. This Order screens his complaint.

As explained below, the Court concludes that Davis' claims are time-barred. As such, the Court will dismiss this case with prejudice and deny as moot Davis' motions for leave to proceed without prepayment of the filing fee. Under the circumstances, the Court will also impose a filing bar, as described further below.

## 2. MOTION TO PROCEED IN FORMA PAUPERIS

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis.[1] "The federal in forma

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76

pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion,

---

(6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants— prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

Because the Court will dismiss the case with prejudice, Davis' motions for leave to proceed in forma pauperis will be denied as moot. ECF Nos. 2 and 6.

## 3. SCREENING THE COMPLAINT

### 3.1 Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678) (internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Davis' Factual Allegations

Davis alleges that former "Assistant District Attorney Laura Arbuckle [("Arbuckle")] stated three times that there is no evidence" during his 1997 criminal case. ECF No. 1 at 2; *see also State of Wisconsin v. Glenn M. Davis*, Case No. 1997CF972482 (Milwaukee Cnty. Cir. Ct. 1997), *available* *at*

https://wcca.wicourts.gov/caseDetail.html?caseNo=1997CF972482&county
No=40&index=0&mode=details (last visited June 3, 2026) ("State Criminal
Case"). Davis says that his "Ex[h]ib[i]t A," ECF No. 1-1 at 4–6, proves that
Arbuckle "outright lied" and intentionally withheld the "non-matching
DNA from entering into evidence." ECF No. 1 at 2. Davis claims that that
in his subsequent civil action,[2] "Assist[ant] Attorney General David Rice
[("Rice")] testified that the DNA in the Davis' conviction was never
examined," even though Davis "found the report of the non-matching DNA
to be in the possession of the Milwaukee County Crime Lab." *Id*. at 2–3.
Davis also alleges District Attorney John Chisholm ("Chisholm") told Rice
"that the DNA was never examined when . . . Milwaukee County
transferred the report of the non-matching DNA in violation of WIS. CRIM.
STAT. § 946.60 – destruction of documents subject to subpoena and 18
U.S.C., ch. 101, Sec. 2071(B) conceal, removing or mutilation generally." *Id*.
at 3. Based on these allegations, Davis seeks to have this Court command
the Milwaukee County Crime Lab to release the report of the non-matching
DNA to Davis. *Id*. at 4.[3]

### 3.3 Additional Background

The Court takes judicial notice of the Wisconsin Court of Appeals
decision in Davis' 2006 civil case for further factual background on this case.

---

[2]Due to the multitude of litigation Davis has engaged in, *see infra* Section 5,
the Court is uncertain as to which litigation he is referring. However, it does not
matter for purposes of analyzing his claims here.

[3]To the extent that Davis seeks to have his name taken off the sex offender
registry, the Court cannot do so pursuant to the doctrine of *Rooker-Feldman*, as it
would require the Court to reverse the decision in the State Criminal Case. *Exxon
Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005) (citing *Rooker v.
Fidelity Trust Co.*, 263 U.S. 413 (1923) and *Dist. of Columbia Ct. of Appeals v. Feldman*,
460 U.S. 462 (1983)).

*See State of Wisconsin ex rel. Glenn M. Davis v. John T. Chisholm*, No. 2007AP796, 747 N.W.2d 528 (Table), 2008 WL 495494 (Wis. Ct. App. 2008) ("Second Mandamus Case"); *see also In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (noting Wisconsin state court orders "are public records and appropriate subjects of judicial notice" (citing *Menominee Indian Tribe v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998) and FED. R. EVID. 901(b)(7)).

In the Second Mandamus Case, the Wisconsin Court of Appeals noted that Davis pled no contest to four counts of third-degree sexual assault in his State Criminal Case and that he subsequently contacted the Innocence Project at the University of Wisconsin Law School. Second Mandamus Case, ¶ 2. He subsequently received a letter from the group in May 2000, explaining that the "lab report obtained from the District Attorney showed that 'there was *no* DNA evidence discovered pursuant to the original investigation that could be used to prove that you were *not* the perpetrator of the sexual assaults.'" *Id.* (emphasis in original) (bracketing omitted) (citation omitted in original). The letter also stated "that the District Attorney's Office had, pursuant to Department policy, destroyed all evidence and that there was no physical evidence remaining that could be subjected to independent DNA testing." *Id.* Finally, the letter indicated "that the District Attorney had sent them the lab report, and they would include the report with other materials they were sending to Davis." *Id.*

Between October 2002 and September 2006, Davis made two opens records request and a petition for a writ of mandamus. *Id.*, ¶¶ 3–4. Both opens records requests were denied by the District Attorney's Office on the basis of Wisconsin case law, namely, *State ex rel. Richards v. Foust*, 477 N.W.2d 608 (Wis. 1991)), which provides an exception to Wisconsin's open access to records law to protect criminal case files from being open to the

public. *Id*. The mandamus petition was likewise denied, but on the grounds that the evidence had been destroyed. *Id.*, ¶ 3.

Shortly thereafter, Davis filed a second petition for a writ of mandamus, which again was denied. *Id.*, ¶ 5. The circuit court stated that it was "appalled" by the petition because "there is no, and never will be, any DNA evidence." *Id*. In upholding the lower court's denial, the Wisconsin Court of Appeals held that there was no duty under state law to turn over the DNA lab report in Davis' case file because it fell into the exemption to the general rule regarding disclosure. *Id.*, ¶ 6. (citing *Nichols v. Bennet*, 544 N.W. 2d 428 (Wis. 1996)). Specifically, it held that the DNA lab report was an integral part of the criminal process, thus fitting the confines of the exemption, and, therefore, "the District Attorney did not have a duty to disclose it, and the circuit properly denied the petition for a writ of mandamus." *Id*. The Court of Appeals further held that "[t]o the extent that Davis is attempting to obtain other DNA evidence, he has been repeatedly told that there is no evidence in existence. We will not compel someone to produce something that does not exist." *Id*.

### 3.4 Davis' Claims

In this litigation, Davis purports to sue under state law, ECF No. 1 at 4, but references both state and federal statutes. *Id*. at 3. The Court construes Davis as alleging a few claims. First, Davis alleges a violation of the Wisconsin criminal destruction of evidence statute. *Id*. at 3 (citing WIS. STAT. § 946.60). Davis presumably also seeks DNA testing of crime-scene evidence on due process grounds through a 42 U.S.C. § 1983 claim, as discussed in *Skinner v. Switzer*, 562 U.S. 521 (2011). Davis' allegations may also give rise to a due process violation on account of the District Attorney's Office failing to turn over, as required under *Brady v. Maryland*, 373 U.S. 83

(1963), nonmatching DNA evidence. However construed, none of Davis' claims may proceed because they are time-barred, as discussed below.

## 4.    ANALYSIS

Davis' state law claims fail to state a state a claim, and they are, in any event, time-barred, as discussed further below. Similarly, Davis' federal claims are time-barred. Because Davis "pleads h[imself] out of court by making allegations that conclusively establish the action's untimeliness," the Court will dismiss the entire action as untimely. *Weatherall v. Bread*, No. 20-CV-863-JPS, 2020 WL 6741777, at *3 (E.D. Wis. Nov. 17, 2020) (quoting *Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011)).

### 4.1    State Law Claims

The Court starts with his claim that there was a violation of Wisconsin's destruction of evidence statute. That statute provides that "[w]hoever intentionally destroys . . . a document, knowing that the document has been subpoenaed by a court or by or at the request of a district attorney or the attorney general, is guilty of a Class I felony." WIS. STAT. § 946.60(1). For this violation, Davis seeks to hold Chisholm and Arbuckle "civilly" and "criminally" "accountable." ECF No. 1 at 4. But Davis has no standing to commence a criminal action, so he may not hold them criminally accountable. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1972) (noting that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). There is likewise no civil cause of action that Davis cites, nor that this Court can find. "In Wisconsin, 'a private right of action is only created when (1) the language or the form of the statute evinces the legislature's intent to create a private right of action, and (2) the statute establishes private civil liability rather than merely providing for protection of the public.'" *Ghashiyah v. Jess*, No. 21-

CV-1479-JPS, 2023 WL 5558825, at *7 (E.D. Wis. Aug. 29, 2023) (quoting *Grube v. Daun*, 563 N.W.2d 523, 526 (Wis. 1997)). But "a court cannot spin one out of thin air." *Borowski v. Ally Fin. Inc.*, No. 22-cv-0394-bhl, 2023 WL 2346272 (E.D. Wis. Mar. 3, 2023) (citing *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 333–34 (2020)).

In any event, the time to pursue of a destruction of evidence claim has long since passed, as the evidence, exculpatory or not, was destroyed long ago. *State v. Miller*, 650 N.W.2d 850, ¶ 13 (Wis. Ct. App. 2002) (citing WIS. STAT. § 939.74(1) (affording six years to prosecute felonies)); *see generally* ECF No. 1; *see also* Second Mandamus Case, ¶ 2 (reminding Davis of the 2000 letter from the Innocence Project that he received which stated that the District Attorney's Office had destroyed "all [the] evidence" in his case).[4] As such, his state law claims not only fail to state a claim, but they are also time-barred.

### 4.2    Federal Claims

As to his federal claims, Davis advances either a *Skinner* claim or *Brady* violation (or both).[5] However, each of these claims are time-barred,

---

[4]To the extent Davis invokes this state statute to advance a federal claim, it is insufficient. *See Commonwealth Plaza Condo. Ass'n v. City of Chicago*, 693 F.3d 743, 750 (7th Cir. 2012) (collecting cases showing that a mere violation of a state statute is insufficient basis to find that the federal Constitution has been infringed). And, in any event, as discussed *infra* Section 4.2, Davis is also time-barred from advancing any federal claims here.

[5]The Court appreciates that the Supreme Court has allowed those convicted of state crimes to sue under the federal civil rights provision, 42 U.S.C. § 1983, to retrieve DNA crime scene evidence and have it tested, at least where there the plaintiff "challenges the state DNA-testing statute." *Cox v. Milwaukee Cnty. Dist. Atty's Office*, No. 13-CV-434-JPS, 2013 WL 5918805, at *2 (E.D. Wis. Nov. 4, 2013) (citing *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)). But as explained in this Section, the time to do so has passed. Moreover, in this case, it is not apparent that Davis is even challenging the state DNA-testing statute, as opposed to challenging the state court's conclusion that there is "no evidence" tending to exculpate him,

as the allegations herein date back almost thirty years, well past the applicable six-year timeline to file such claims. *D'acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (citing *Hemberger v. Bitzer*, 574 N.W.2d 656, 657 (1998)); *see also* WIS. STAT. § 893.53. True, these kinds of claims do not accrue until a "plaintiff knows or should know that his . . . constitutional rights were violated." *Cielak v. Nicolet Union High School Dist.*, 112 F.4th 472, 477 (7th Cir. 2024) (quoting *Towne v. Donnelly*, 44 F.4th 666, 670–71 (7th Cir. 2022)). In this case, however, Davis has been aware of the alleged violations for *decades*, even if the Court were to consider as true (which it does not) that he did not learn of his purported innocence until the 2000 letter from the Innocence Project. He has had every opportunity to pursue relief, be it under habeas or 42 U.S.C. § 1983, whether in state or federal court, and he has, in fact, pursued such relief but to no avail, as discussed further *infra* Section 5. As such, Davis' federal claims are time-barred.

For these reasons, the Court must dismiss this action. Because amendment would be futile, the Court will not grant Davis leave to amend. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009)). And, because Davis is plainly time-barred from advancing any of his claims, the entire action will be dismissed with prejudice. *Weatherall*, 2020 WL 6741777, at *3 (quoting *Grzanecki*, 408 F. App'x at 996)). Additionally, as discussed below, the Court will also impose a filing bar under the circumstances here. *See infra* Section 5.

---

which *Rooker-Feldman* would likely preclude. Second Mandamus Case, ¶3; *see supra* note 3.

**5. FILING BAR**

"[T]he right of access to federal courts is not absolute*." In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id*. (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, . . . and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm. of U.S. Dist. Ct. for N. Dist. of Ill.*, 324 F. App'x 500, 502 (7th Cir. 2009) (collecting cases). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing bars in perpetuity." *Id*. (collecting cases).

Under the circumstances presented by Davis having filed at least four federal cases since his conviction in 1997, returning to court at intervals to relitigate the same concerns, the Court finds it appropriate to impose a fling bar. As showcased below, Davis has taken up far too many judicial resources with claims of this nature.

As relevant here, Davis' federal litigation appears to have started in 2008 at which time he filed a habeas petition and a 42 U.S.C. § 1983 claim, claims which were subsequently assigned two different case numbers by the Clerk of Court; however, Judge Griesbach regarded the claims as "essentially the same" and dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), and as otherwise without merit. *Davis v. Chisholm*, Nos. 08-C-211 and 08-C-212, 2008 WL 1968759, at *1–2 (E.D. Wis. May 2, 2008) (dismissing his habeas case as untimely and his civil case as meritless). In 2016, Davis filed a 42 U.S.C. § 1983 complaint, which Magistrate Judge Nancy Joseph dismissed, finding that the complaint should have been brought as a writ of habeas corpus under 28 U.S.C. § 2254. *Glenn M. Davis v. Chris Gajewski, et al.*, Case No. 15-CV-765-NJ, ECF No. 28 at 4–5 (E.D. Wis. Jan. 28, 2016) (citing *Williams v. Wisconsin*, 336 F.3d 576, 580 (7th Cir. 2003)). In 2019, Davis filed a complaint, charging violations similar to the allegations in this case, but ultimately, his federal claims were dismissed with prejudice and his state law claims were dismissed for want of subject matter jurisdiction by Judge Lynn Adelman. *Glenn M. Davis v. John Chisholm, et al.*, Case No. 19-CV-1742-LA, ECF No. 21 at 2 (E.D. Wis. July 15, 2020). He more recently filed another habeas petition, which again was dismissed by Judge Adelman. *Glenn M. Davis v. John Chisholm, et al.*, Case No. 23-CV-494-LA, ECF No. 12 (E.D. Wis. Oct. 18, 2023). In relevant part, Judge Adelman noted that Judge Griesbach had already decided his habeas petition years ago. *Id.* (citing *Chisholm*, 2008 WL 1968759, at *1–2). To be sure, Davis' onslaught of state litigation regarding these matters reinforces the imposition of a filing bar.[6]

---

[6]Davis' unsuccessful stream of state litigation, at least as is relevant here, began in 2006 and continued in the decades that followed. *Glenn Davis v. Wisconsin*

Accordingly, Davis will be barred from filing any paper in any case in this District for a period of five (5) years from the date of this Order. *See*

*State*, Case No. 2006CV012399 (Milwaukee Cnty. Cir. Ct. 2006), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2006CV012399&countyNo=40 &index=0 (June 3, 2026) (dismissing habeas petition following a motion to dismiss); *Glenn Davis v. John T. Chisholm*, Case No. 2006CV012714 (Milwaukee Cnty. Cir. Ct. 2006), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2006CV012714&countyNo=40 &index=0 (last visited June 3, 2026) (denying mandamus petition, a decision which the Court of Appeals affirmed); *Glenn Davis v. Laura Arbuckle, et al.*, Case No. 2009CV015613 (Milwaukee Cnty. Cir. Ct. 2009), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2009CV015613&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing habeas petition within six days of filing); *Glenn Davis v. Quala Champange, et al.*, Case No. 2012CV012448 (Milwaukee Cnty. Cir. Ct. 2012), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2012CV012448&countyNo=40 (last visited June 3, 2026) (dismissing mandamus petition); *Glenn M. Davis v. State of Wisconsin*, Case No. 2013CV007191 (Milwaukee Cnty. Cir. Ct. 2013), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2013CV007191&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing habeas petition, a decision which the Court of Appeals affirmed); *Glenn M. Davis v. State of Wisconsin*, Case No. 2016CV005427 (Milwaukee Cnty. Cir. Ct. 2016), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2016CV005427&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing habeas petition); *Glenn M. Davis v. State of Wisconsin*, Case No. 2017CV003173 (Milwaukee Cnty. Cir. Ct. 2017), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2017CV003173&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing mandamus petition); *Glenn M. Davis vs. Amanda McConico et al.*, Case No. 2019CV000365 (Milwaukee Cnty. Cir. Ct. 2019), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2019CV000365&countyNo=40 &index=0 (last visited June 3, 2026) (dismissal, culminating with Court of Appeals providing Davis with letter regarding the filing of the original notice of appeal); *Glenn M. Davis vs. James J. Martin, Deputy DA, et al.*, Case No. 2021CV007295 (Milwaukee Cnty. Cir. Ct. 2021), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CV007295&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing habeas corpus petition); *Glenn M. Davis vs. James J. Martin, et al.*, Case No. 2022CV002097 (Milwaukee Cnty. Cir. Ct. 2022), *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=2022CV002097&countyNo=40 &index=0 (last visited June 3, 2026) (dismissing habeas corpus petition).

*Support Sys. Intern., Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Davis] is a defendant or any application for habeas corpus that he may wish to file." *Id.*; *see also Mucha v. Wisconsin*, No. 12-CV-202-LA, 2013 WL 1498993, at *1 (E.D. Wis. Apr. 10, 2013) (motions for reconsideration fall within *Mack* bar) (citing *Lammers v. Ellerd*, 1999 WL 1075323, at *1–2 (7th Cir. Nov. 24, 1999) (imposing *Mack* bar)). The Clerk of Court will be directed to return unfiled any papers submitted in violation of this Order until the expiration of five (5) years from the date of this Order.

**6.     CONCLUSION**

For the reasons stated above, Davis' claims must be dismissed because amendment would be futile. *Robinson v. FBI*, No. 22-C-0079, 2022 WL 610969, at *1 (E.D. Wis. Jan. 27, 2022) (*Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021)). Because Davis' claims are time-barred, the case will be dismissed with prejudice. *Weatherall*, 2020 WL 6741777, at *3 (citing *Grzanecki*, 408 F. App'x at 996). His motions for leave to proceed in forma pauperis will be denied as moot. Finally, Davis will be barred from filing any paper in any case in this District for a period of five (5) years from the date of this Order. *See Mack*, 45 F.3d at 186 (citing *Sato*, 154 F.R.D. 189). This shall include motions for reconsideration, but it will not include notices of appeal or papers related to exigent circumstances or in "any criminal case in which [Davis] is a defendant or any application for habeas corpus that he may wish to file." *Id.*; *see also Mucha*, 2013 WL 1498993, at *1 (citing *Lammers*, 1999 WL 1075323, at *1–2). The Clerk of Court

will be directed to return unfiled any papers submitted in violation of this Order until the expiration of five (5) years from the date of this Order.

Accordingly,

**IT IS ORDERED** that Plaintiff Glenn M. Davis's motions for leave to proceed without prepaying the filing fee, ECF Nos. 2 and 6, be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff Glenn M. Davis shall be **BARRED** from filing any paper in any case in this District, including any new lawsuits and any motions for reconsideration, but excluding notices of appeal or papers related to exigent circumstances or in any criminal case in which he is a defendant or any application for habeas corpus, for a period of five (5) years from the date of this Order; consistent with the terms of this Order, the Clerk of Court shall **RETURN UNFILED** any papers submitted in violation of this Order, together with a copy of this Order.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2026.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.